UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-0905-TAB-DFH |
| | ) | |
| MEXICO CITY RESTAURANT, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY REGARDING AUTOMATIC STAY**

**I.   Introduction.**

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to enjoin and restrain Defendants, Mexico City Restaurant, Mi Casa Mexican Restaurants, Inc., and Rodolfo Americo Flores[1] from paying its employees less than minimum wage and from denying overtime pay.  [Pl.'s Complaint, p. 1.]  Before the Secretary filed her June 17, 2005, complaint, Flores filed a petition for Chapter 7 bankruptcy.[2]  [Docket No. 18, p. 1.]  On November 16, 2005, the parties appeared by counsel for an initial pretrial conference.  [Docket No. 16.]  At that conference, Defendants' counsel gave verbal notice of Flores' Chapter

---

[1] For purposes of this entry, "Defendants" refers to all defendants collectively, "Mexico City" refers to Mexico City Restaurant, "Mi Casa" refers to Mi Casa Mexican Restaurant and "Flores" refers to Rodolfo Americo Flores.

[2] The exact date Flores filed his bankruptcy petition is unclear to the Court, but the parties agree that it was filed sometime in October 2003.  [Docket Nos. 18, 19.]

7 bankruptcy filing and asserted that the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362(a)(6), applied to the Secretary's action against Flores. The Secretary contested Defendants' application and argued that the stay does not foreclose the availability of injunctive relief against Flores and a determination of his liability.[3] The Court ordered the parties to submit their written positions no later than December 2, 2005.

Having considered the parties' respective arguments and for the reasons set forth below, the Court finds that the Secretary's action is excepted from § 362(a)'s automatic stay provision.

## II.  Discussion.

The automatic stay provision mandates that a debtor's bankruptcy petition "operates as a stay, applicable to all entities of . . . (1) the commencement or continuation of . . . a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case . . . ." 11 U.S.C. § 362(a). "The automatic stay is indeed a powerful tool of the bankruptcy courts" designed to "'protect the debtor from an uncontrollable scramble for its assets in different courts. . . .'" *Fox Valley Construction Workers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998) (*quoting A.H. Robins Co. V. Piccinin*, 788 F.2d 994, 998 (4th Cir. 1986)).

Application of the automatic stay, however, is not unfettered. "Whether [an] action is stayed depends on the nature of the lawsuit and the relief requested." *Chao v. BDK Industries, L.L.C.*, 296 B.R. 165, 169 (C.D. Ill. 2003). This is so because the Bankruptcy Code also

---

[3] The Secretary concedes that upon any determination of liability or establishment of restitution amounts, she is limited to actual recovery through the bankruptcy process. [See Docket No. 19, p. 4.]

contains significant exceptions to the automatic stay provision.  *See* 11 U.S.C. § 362(b).  One such exception arises when a government unit brings an action to enforce its police or regulatory power.  11 U.S.C. § 362(b)(4).  In such cases, the government unit's action is not stayed if the action either relates primarily to matters of public safety or effectuates public policy.  *Chao,* 296 B.R. at 167-68 (C.D. Ill. 2003) (Secretary's FLSA action was not stayed by individual defendant's Chapter 7 bankruptcy filing because the action was "not designed to advance the government's pecuniary interest" and was instead filed for the primary purpose of protecting workers and preventing unfair market competition).

The reasoning in *Chao* presents an insurmountable hurdle for these Defendants.  The Secretary's enforcement action here mirrors that in *Chao*.  Similarly, the Secretary's action enforces the Department of Labor's regulatory power by virtue of the important public policy it serves.  Accordingly, the action falls within the exception provided by 11 U.S.C. § 362(b)(4) and the automatic stay is inapplicable to the Secretary's claim against Flores, provided that the Secretary's relief against Flores in this forum is limited to injunctive relief and a determination of Flores' liability.  If a judgment is entered against Flores, any attempt to collect that judgment would occur through the bankruptcy process.

Dated:  12/22/2005

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Daniel Cueller
SCRECKENGAST HELM & CUELLER
jagdc@msn.com

Emelda Medrano
UNITED STATES DEPARTMENT OF LABOR
sol-chi@dol.gov