UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br>Plaintiff,<br><br>v.<br><br>MEXICO CITY RESTAURANT, INC., d/b/a MEXICO CITY GRILL and MI CASA MEXICAN RESTAURANTS, INC., and RODOLFO AMERICO FLORES, an individual,<br>Defendants. | ) ) ) ) ) Civil Action No.: 1:05-cv-0905-DFH-TAB ) ) Magistrate Judge Baker ) ) ) ) ) ) |

## CONSENT JUDGMENT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor having filed her complaint and defendants, **MEXICO CITY RESTAURANT, INC. d/b/a MEXICO CITY GRILL** and **MI CASA MEXICAN RESTAURANTS, INC.,** and **RODOLFO AMERICO FLORES,** an individual, having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this judgment without contest; now, therefore, upon motion of attorneys for plaintiff, and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against defendants pursuant to Sections 16 (c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et seq.*, (hereinafter called "the Act") as follows:

I

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** pursuant to section 17 of the Act, that the defendants, their officers, agents, servants, employees, and all persons in active concert

1

or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

(a) Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate of less than $5.15 an hour (or at a rate les than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

(b) Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

(c) Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

## II

**FURTHER,** as agreed by the parties herein, it is

**ORDERED,** that the complaint is hereby amended *nunc pro tunc,* at the time of the filing of the complaint by deleting from Exhibit A therein the names of the following employees:

Jose Colex-Ahuatl, Alvaro Colex-Almonte, Jose Maria Morales and Joel Sanchez, and it is

**ORDERED,** that the filing, pursuit, and/or settlement of this action with the entry of this Judgment shall not act as a bar or be asserted as bar to any action for the recovery of unpaid minimum wage, overtime compensation and/or liquidated damages under section 16(b) of the Act by any employee not named in Exhibit A and it is further

**ORDERED,** that in any action to recover unpaid minimum wage and overtime compensation by any employee not named in the attached Exhibit A pursuant to section 16(b) of the Act, the running of the two-year or the three-year, if applicable, statute of limitations provided by section 6 of the Portal-to-Portal Act of 1947 shall cease on June 16, 2005, and shall continue to run on the date of the entry of this judgment.

### III

**FURTHER, JUDGMENT IS HERELY ENTERED,** pursuant to Section 16 (c) of the Act, in favor of the plaintiff and against the defendants Mexico City Restaurant, Inc. and Mi Casa Mexican Restaurants Inc. in the total amount of $10,000, plus 4 % interest as set forth in the attached installment agreement.

Defendants Mexico City Restaurant, Inc. and Mi Casa Mexican Restaurants Inc. shall pay to the plaintiff the sum of $ 10,000 which represents the settlement amount for the unpaid minimum wage and overtime compensation found to be due, for the period June 16, 2003 through June 19, 2004, to the present and former employees identified on Exhibit A, attached hereto, for the periods identified as covered therein.

## IV

The provisions of paragraph III of this judgment shall be deemed satisfied, upon defendants Mexico City Restaurant, Inc. and Mi Casa Mexican Restaurants Inc. delivery to the plaintiff's representative of the following:

A schedule in duplicate showing the name, last-known address, social security number, gross amount of wages due, amounts deducted from gross wages for employees share of social security and withholding taxes due and the net amount for each employee named in Exhibit A.

## V

Payment of the back wages by defendants Mexico City Restaurant, Inc. and Mi Casa Mexican Restaurants Inc. shall be made in installment payments, by defendants delivering to plaintiff the following on or before each of the installment dates heretofore set forth herein.

**(a)** On the date this Consent Judgment is signed by the defendants, the defendants shall pay to the Secretary the sum of $2,500.00, which represents the first of four $2,500.00 payments of back wages to be paid to the employees in the amounts set forth in Exhibit A. Each payment of $2,500.00 is payable as indicated on the attached Exhibit A.

**(b)** Separate certified checks for $2,500 made payable to the order of the "Wage and Hour Div., Labor," less deductions for employees' share of social security and withholding taxes, and a schedule showing the name, last known address, social security number, gross amount due, amounts deducted for social security, amount deducted for Federal income tax, amount deducted for State income tax, and the net amount of such payment for each person enumerated in Exhibit A hereof.

The amounts deducted from the sums enumerated in Exhibit A hereof for social security, Federal income tax and State income tax shall be paid by defendants to the appropriate Federal and State revenue authorities and appropriate proof of such payments shall be furnished to plaintiff by defendants.

**(c)** The latter installments shall be made by mailing each such check by certified mail with the schedule hereinbefore described to the U.S. Department of Labor Employment Standards Administration, Wage and Hour, P.O. Box 845498, Dallas, Texas 75284-5498.

**(d)** The Wage and Hour Division will distribute the amount referred to in Paragraphs a and b hereof, or the proceeds thereof, to the person named in Exhibit A attached hereto, less applicable deductions, or to his estate, if that be necessary. Any amounts of unpaid compensation not so paid within a period of three years from the date of receipt thereof, because of the inability to locate the proper persons or because of their refusal to accept it shall be covered into the Treasury of the United States as miscellaneous receipts.

**(e)** Should defendants fail to make any of the aforesaid installment payments set forth above on or before the date set forth in Exhibit A, the entire amount of the balance of unpaid compensation remaining will be immediately due and payable without further notice or demand by the Secretary to defendants. Furthermore, defendants shall pay any and all costs and expenses incurred by the Secretary in enforcing the terms and conditions of this Consent Judgment. Any defaulted balance shall be subject to the assessment of penalties and interest at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs also shall be assessed. In the event of default, the Secretary of

Labor intends to pursue enforcement of this Consent Judgment and the Order entered approving the terms and conditions set forth herein. The Secretary of Labor may pursue any and all available remedies against defendants. Available remedies may include, but are not limited to, any collection action and referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

## VI

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date.

Dated 11/13/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Defendants hereby consent to the entry of this judgment this **31ST** day of **October**, 2006.

**MEXICO CITY RESTAURANT d/b/a MEXICO CITY GRILL,**
a corporation, defendant,

by _____

Its _____
     PRESIDENT
(Title of officer)

**MI CASA MEXICAN RESTAURANTS, INC.**, a corporation, defendant,

by _____

Its _____
     President
(Title of officer)

_____
**RODOLFO AMERICO FLORES**
an Individual, defendant,

_____
**DANIEL CUELLER**
Schreckengast, Helm & Cueller
8007 S. Meridian Street, Building 1, Suite 1
Indianapolis, Indiana 46217
(317) 888-2830

**HOWARD M. RADZELY**
Solicitor of Labor

**JOAN E. GESTRIN**
Regional Solicitor

_____
**EMELDA MEDRANO**
Attorney

Attorneys for **ELAINE L. CHAO**
Secretary of Labor,
United States Department of Labor,
Plaintiff
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn Street, 8th Floor
Chicago, Illinois 60604
(312) 353-1169

# EXHIBIT A

Dates for $2,500.00 checks are as follows:

First payment of $2,500.00 is due on October 1, 2006.

Second payment of $2,500.00 plus 4% interest is due on February 1, 2007.

Third payment of $2,500.00 plus 4% interest is due on June 1, 2007.

Fourth payment of $2,500.00 plus 4% interest is due on October 1, 2007.

| NAME | October 1, 2006 Payment Due | February 1, 2007 Payment Due | June 1, 2007 Payment Due | October 1, 2007 Payment Due |
|---|---|---|---|---|
| Augustin Anaya | **5.00** | 5.10 | 5.10 | 5.10 |
| Jose Anaya | **67.61** | 68.97 | 68.97 | 68.96 |
| Graciela Ballestros | **91.19** | 93.02 | 93.02 | 93.02 |
| Roberto Vicente Cortes | **267.15** | 272.50 | 272.49 | 272.54 |
| Dulce Garcia | **181.55** | 185.20 | 185.20 | 185.19 |
| Karla Garcia | **89.93** | 91.74 | 91.74 | 91.73 |
| Meliton Garcia | **176.30** | 179.84 | 179.84 | 179.84 |
| Claudia Hernandez | **77.49** | 79.04 | 79.04 | 79.03 |
| Jesus Martinez | **964.04** | 983.38 | 983.39 | 983.38 |
| Deonicio Moras-Vasquez | **96.07** | 98.00 | 98.00 | 98.00 |
| Delfino Toto | **335.78** | 342.52 | 342.52 | 342.52 |
| Gervasio Toto | **147.89** | 150.86 | 150.86 | 150.85 |
| Total: | **$ 2,500.00** | $ 2,550.17 | $ 2,550.17 | $ 2,550.16 |